

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2009

# Tsakonas v. Cicchi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4115

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tsakonas v. Cicchi" (2009). *2009 Decisions.* Paper 1966.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1966

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4115

———————

PAUL TSAKONAS,
                              Appellant

v.

WARDEN EDMOND CICCHI, individually and as Warden at
Middlesex County Correction Center; MIDDLESEX COUNTY
ADULT CORRECTION CENTER; COUNTY OF MIDDLESEX;
TRENTON STATE PSYCHIATRIC HOSPITAL;
WILLIAM J. MAY, individually and as CEO at Trenton State
Psychiatric Hospital; HUGH MOORE, Individually and as M.D.
at Middlesex County Correction Center; R.N. SANDRA VARGAS,
Individually and as a Nurse at Middlesex County Correction Center;
MARIA M. MCQUAY; KATHIE DEFURIA,  Individually and
as supervisor at Middlesex County Probation Department;
MIDDLESEX COUNTY PROBATION DEPARTMENT;
THOMAS MANO, Individually and as Director of Health
Information Services at Trenton State Psychiatric Hospital;
COLLETTE DURAVAL, Individually  and as an agent at
Trenton State Psychiatric Hospital; VICTORIA CANAVERA,
Individually and as Coordinator at State of New Jersey,
Department of Human Services, Division of Mental Health Services

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 04-cv-04973)
District Judge:  The Honorable Dennis M. Cavanaugh

———————

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2009

———————

(Opinion Filed:  January 30, 2009)

---

OPINION

---

BARRY, Circuit Judge

Appellant Paul Tsakonas appeals the order of the District Court granting the motions for summary judgment of appellees Maria McQuay, Kathie DeFuria, Dr. Hugh Moore, Sandra Vargas, Warden Edmond Cicchi, Middlesex County, and Middlesex County Adult Correction Center ("MCACC").  We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

## I.

On March 6, 2003, Tsakonas pled guilty to violating a restraining order issued by the Middlesex County Family Court and was sentenced to one year of probation, with the condition that he participate in "any counseling probation deems necessary."  The undisputed facts demonstrate that Tsakonas repeatedly missed meetings with his probation officer and never provided documentation to prove that he attended any of the required anger management counseling sessions.  On October 26, 2003, Tsakonas was

---

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

arrested following an incident where he struck a pay phone in a motel lobby, and his mother contacted his current probation officer, appellee Maria McQuay, to report his erratic behavior and suspected abuse of ecstasy and crack cocaine. McQuay and her supervisor, appellee Kathie DeFuria, ordered Tsakonas to enter into drug treatment and warned him that failure to do so would be considered a violation of probation. When he refused to do so, the officers initiated violation of probation proceedings.

Following a hearing, the Superior Court of New Jersey revoked Tsakonas's probation and sentenced him to a 30-day hospital inpatient evaluation. Finding that he presented a substantial risk of harm to himself and others, the Court remanded him to the custody of MCACC to await evaluation.

Because a hospital bed was not immediately available, Tsakonas remained in the MCACC medical unit from November 6, 2003 until approximately January 7, 2004. During this time, he was seen and evaluated by numerous mental health professionals including appellee Dr. Hugh Moore, and he was placed on high visibility psychiatric watch. After about one week at MCACC, he was temporarily transferred to Acute Psychiatric Services ("APS") at University Behavioral Healthcare for a determination as to whether he met the standard of dangerousness necessary for immediate commitment. Because he did not meet this standard, he was returned to the MCACC medical unit. Appellee Sandra Vargas was the health services administrator at MCACC and coordinated his eventual transfer to Trenton State Psychiatric Hospital ("TPH"). While at

MCACC, Tsakonas lost 24 pounds, showered only twice, did not shave, and developed eczema of the feet, seborrhea of the scalp, athlete's foot, and swollen knuckles on his right hand. He claims that he did not move his bowels for 30 days.

Tsakonas now appeals the District Court's decision granting summary judgment to appellees on his 42 U.S.C. § 1983 claims for malicious prosecution in violation of the Fourth Amendment, as against McQuay and DeFuria, and inadequate medical care in violation of the Eighth and Fourteenth Amendments, as against the remaining appellees.

## II.

### A.    Malicious Prosecution

Tsakonas argues that the District Court erred when it concluded that McQuay and DeFuria had probable cause to initiate a violation of probation proceeding against him. To prevail on a malicious prosecution claim brought under the Fourth Amendment, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding against the plaintiff, (2) the proceeding ended in plaintiff's favor, (3) the defendant was motivated by malice, (4) the proceeding was brought without probable cause, and (5) the plaintiff "suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

The District Court did not err in granting summary judgment because the undisputed evidence demonstrated that McQuay and DeFuria had probable cause to initiate proceedings against Tsakonas. It is undisputed that Tsakonas missed numerous

meetings with his probation officer throughout 2003, failed to document that he attended

anger management counseling, and failed to enter a drug treatment program when

ordered to by the probation officers.  We will affirm the District Court's grant of

summary judgment to McQuay and DeFuria.

## B.      Inadequate Medical Care

The District Court evaluated Tsakonas's claim for inadequate medical care under

the Eighth Amendment[1], which proscribes "unnecessary and wanton infliction of pain."

Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153,

173 (1976)).  To establish a violation of the Eighth Amendment, a prisoner must show

that the defendants exhibited "deliberate indifference to serious medical needs."  Id.

### 1.      Liability of MCACC Health Care Providers

Because appellees Moore and Vargas provided adequate medical care to Tsakonas

---

[1] There is some suggestion in the record that Tsakonas was (or should be) considered a pretrial detainee during his time at MCACC.  Neither the parties nor the District Court explicitly considered the question of whether status as a pretrial detainee would have provided Tsakonas with additional protections under the Due Process Clause of the Fourteenth Amendment.  See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Eighth Amendment is not applicable in cases involving pretrial detainees because the detainees "are not yet at a stage of the criminal process where they can be punished because they have not as yet been convicted of anything.").

Because the parties have not raised this issue before us and because Tsakonas argues only that appellees exhibited deliberate indifference to his serious medical needs, we need not reach the issue and will evaluate his claim, as did the District Court, under the Eighth Amendment.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 n.5 (3d Cir. 2003) ("As the issue was not raised before us, we do not decide whether the Due Process Clause provides additional protections to pretrial detainees beyond those provided by the Eighth Amendment to convicted prisoners.").

while he awaited placement for hospitalization, the District Court correctly concluded that they did not exhibit deliberate indifference to Tsakonas's medical needs.

First, Tsakonas's medical records from MCACC demonstrate – and, indeed, it is undisputed – that Tsakonas was examined by several mental health professionals while at MCACC and that he had access to treatment for his various physical conditions. His need for a full mental health evaluation was recognized from the outset, and on his transfer to APS he was also evaluated to determine whether he met the standard for immediate commitment.

Second, the District Court did not err when it concluded that Tsakonas's medical ailments were not "serious medical needs" for purposes of the Eighth Amendment. In order to be considered "serious," "[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991) (internal quotations and citations omitted). Tsakonas's alleged medical problems were weight loss, eczema of the feet, seborrhea of the scalp, athlete's foot, constipation, and swollen knuckles on his right hand. These are not life-threatening conditions, and it is undisputed that he never complained about them while at MCACC or that he has suffered any long-term effects from any delay in treatment.

The District Court did not err when it concluded that Tsakonas's claim of inadequate medical care fails as a matter of law.

## 2. Liability of Supervisory/Institutional Defendants

Tsakonas argues that appellees Cicchi, Middlesex County, and MCACC are also subject to supervisory liability for the violation of his constitutional right to adequate medical care while at MCACC. Supervisors may be held liable under § 1983 for constitutional violations of their subordinates if it is shown that they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). As discussed above, there was no constitutional harm, as Tsakonas was provided with adequate medical care. Therefore, the District Court correctly granted summary judgment to these appellees.

## III.

For the reasons stated above, we will affirm the judgment of the District Court.